IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| LEBERT W. FRANCIS, :<br>    : <br>    Plaintiff, : <br>    : <br>vs. :<br>    : <br>STEVE UPTON, Et. Al., :<br>    : <br>    Defendants : <br>_____ | 1:04-CV-191 (WLS) |

## ORDER

Before the Court is Defendants' motion for summary judgment. (Doc. 23). For the following reasons, Defendants' motion for summary judgment (Doc. 23) is **GRANTED.**

## BACKGROUND[1]

The instant complaint for relief was filed on March 4, 2005. In this complaint, Plaintiff alleges that he was denied his rights to be free from the excessive use of force against him and to be provided adequate medical treatment while in custody as guaranteed by the Eighth Amendment of the United States Constitution. The action was brought pursuant to 42 U.S.C. § 1983. Apparently, the only claims brought and at issue are the Eighth Amendment claims. Further, Defendants seek summary judgment on these claims.

On or about June 29, 2004, Plaintiff Francis was involved in an altercation with officials at Calhoun State Prison. Plaintiff was an inmate at the prison. Involved in the alleged altercation were members of the Calhoun State Prison CERT Team, consisting of at least Defendants Blackmon, Keigler, Hayes, Clark and Alexander. It is unclear from the record if other officers were on the scene or involved in the altercation. Plaintiff alleges that Defendant Deputy Warden Mathis was either on the scene directing the other Co-Defendants

---

[1]. The Court notes that both Defendants and Plaintiff have provided a less than expansive rendition of the alleged facts. Therefore, this opinion will so reflect the Court's own lack of knowledge about the details of the alleged incident that gave rise to the complaint.

1

acts or was otherwise somehow directing the alleged misconduct.  According to Plaintiff, as a result of the altercation Plaintiff was "choked, beaten, kicked, stripped naked, sexually brutalized, restrained in torture devices and threatened with homosexual rape."  As a result of the altercation, Plaintiff incurred various injuries, to include, spitting up blood, bruised ankles and testicles, head injuries, nightmares and mental trauma.

It is unclear as to what happened from June 29, 2004, and  July 1, 2004, when Plaintiff was seen by Defendant Nurse Flynn.  Apparently on that date, Plaintiff was placed in a "torture [sic] restraining device" which was done in Defendant Flynn's presence.  At the time Plaintiff complained that the restraints were cutting off circulation from his extremities.  According to Plaintiff, Nurse Flynn responded, "You'll be alright."  Later that day, Plaintiff complained that he needed medical treatment because of the injuries he sustained as a result of the alleged beating.  Nurse Flynn did not let Plaintiff visit with medical personnel for further treatment.  Plaintiff also during this period made complaints to Defendant Mathis.  Further, Plaintiff alleges that he was held in the restraints for four days.

Apparently, Flynn completed a medical report that stated that Plaintiff refused to be examine and noted that Plaintiff suffered from no apparent injuries.  Plaintiff maintains that the report is false or misleading and cites to at least one other report by Flynn of treatment of another inmate that contains contradictory information.  Plaintiff maintains that this other report supports his allegation that Flynn falsified the extent of his injuries.  Plaintiff also submits two affidavits from two other inmates that state Plaintiff was vomiting blood.

This motion for summary judgment was brought only on the behalf of Defendant Warden Steven Upton and Defendant Nurse Flynn.  Plaintiff admits that Defendant Upton had no personal involvement in the actions in question and was not even working at the Calhoun State Prison.  Defendant Flynn maintains that she provided adequate medical attention.  Defendant Flynn does not raise the issue that she may be entitled to qualified immunity and

thus, immune from suit.[2]

## I. SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The Court is required to "resolve all reasonable doubts about the facts in favor of the non-movant, and draw all justifiable inferences in his or her favor." Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115 (11th Cir. 1993) (quotations and citations omitted).

The moving party carries the initial burden of showing that there is an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986). The substantive law governing the case determines which facts are material, and "summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986). For issues on which the non-movant bears the burden of proof at trial, the moving party "simply may show—that is, point out to the district court—that there is an absence of evidence to support the non-moving party's case. Alternatively, the moving party may support its motion for summary judgment with affirmative evidence demonstrating that the non-moving party will be unable to prove its case." Fitzpatrick, 2 F.3d at 1116 (quotations and citations omitted).

If the moving party fails to overcome this initial burden, the Court must deny the motion for summary judgment without considering any evidence, if any, presented by the non-moving party. Fitzpatrick, 2 F.3d at 1116. If, on the other hand, the moving party overcomes

---

[2]. The Court notes that the other Co-Defendants have not filed a motion for summary judgment. Further, it is unclear from the record whether they have been served or are represented, even though their names are mentioned as movants in at least one motion for an extension.

this initial burden, then the non-moving party must show the existence of a genuine issue of material fact that remains to be resolved at trial.  Id.  Moreover, the adverse party may not respond to the motion for summary judgment by summarily denying the allegations set forth by the moving party.  Rather, the adverse party "must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party."  Fed. R. Civ. P. 56(e).

## II. ANALYSIS

Plaintiff admits that Defendant Upton had no involvement in the incident and therefore, should be granted summary judgment.  Therefore, Defendant Upton's motion for summary judgment on all of Plaintiff's claims (Doc 23) is **GRANTED.**  Plaintiff does not concede Defendant Flynn is entitled to summary judgment.  Flynn's motion is based on the argument that there are insufficient facts to support Plaintiff's claim of deliberate indifference to Plaintiff's medical needs.  Defendant does not raise the defense of qualified immunity in her defense.

To sustain a claim for deliberate indifference to an inmate's medical needs, the plaintiff must make certain general showings.

> To show that a prison official acted with deliberate indifference to serious medical needs, a plaintiff must satisfy both an objective and a subjective inquiry. *Taylor v. Adams,* 221 F.3d 1254, 1257 (11th Cir.2000); *Adams v. Poag,* 61 F.3d 1537, 1543 (11th Cir.1995). First, a plaintiff must set forth evidence of an objectively serious medical need. *Taylor,* 221 F.3d at 1258; *Adams,* 61 F.3d at 1543. Second, a plaintiff must prove that the prison official acted with an attitude of "deliberate indifference" to that serious medical need. *Farmer* 511 U.S. at 834, 114 S.Ct. 1970;*McElligott,* 182 F.3d at 1254; *Campbell,* 169 F.3d at 1363.

Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003).

The Supreme Court and the Eleventh Circuit have defined a "serious medical need" as "one that, if left unattended, 'pos[es] a substantial risk of serious harm.'" Farrow, 320 F.3d at 1244; Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970, 1977, 128 L.Ed.2d 811 (1994). In the instant case, Plaintiff has presented no evidence of a serious medical need, other than he was "spitting up blood."   He does not show that his injuries if left  unattended could or would

4

have caused a "substantial risk" of any further harm.  Plaintiff did not suffer any permanent injury or serious injury other than bleeding and bruising.  While the imposition of such injuries may have been unconstitutional, the question is whether such injuries, if they existed, were of such nature to be considered serious thereby requiring further medical care.  At best, bleeding and bruising could have been treated with little or no medication.   Plaintiff admits that Nurse Flynn examined him, even though the extent of that examination is in dispute.  Other than two inmates that stated that they saw Plaintiff coughing blood, Plaintiff admits that Nurse Flynn's report stated that she waw no significant injuries.

     None of the evidence presented by Plaintiff is such that it would be considered contradictory of Nurse Flynn's evidence.  Plaintiff admits in his statement of facts that Nurse Flynn saw him on July 1, 2004, 2-3 days after the incident occurred during which he was injured.  No where is it clear that Flynn saw the injuries immediately after the injury.

     As the evidence fails to show that Plaintiff suffered  an objectively serious injury or medical need, and if he had such, the evidence does not show that Nurse Flynn ever saw such an injury or need, it is not necessary to inquire further of Defendant's actions.  Defendant Flynn is entitled to summary judgment and her motion (Doc. 23) is **GRANTED.**  To the extent that the remaining Defendants are properly joined in the case and the discovery period has expired, the case will be set down for trial upon the next available Albany Trial Term.   If there are no remaining Defendants' in the case, the parties are to inform the Court in writing **10 days** following the entry of this order.

     **SO ORDERED**, this   24th   day of August, 2006.


       /s/W. Louis Sands
      **W. LOUIS SANDS, CHIEF JUDGE**
      **UNITED STATES DISTRICT COURT**